UNITED STATES of America, Plaintiff,

v.

CITY OF MILWAUKEE, a Municipal Corporation, Harold A. Breier, Chief of Police, City of Milwaukee Police Department, William Stamm, Chief, City of Milwaukee Fire Department, Marjorie L. Marshall, Charles W. Mentkowski, Richard Block, John Giacomo, and William I. Gore, Commissioners, City of Milwaukee Fire and Police Commission, Defendants.

Civ. A. No. 74–C–480.

United States District Court,
E. D. Wisconsin.

Nov. 10, 1977.

See also, D.C., 395 F.Supp. 725.

James S. Angus, Louis G. Ferrand, Jr., and Teresa M. Holland, Attys., U. S. Dept. of Justice, Washington, D. C., William J. Mulligan, U. S. Atty., Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., and Maurice L. Markey, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This case is before the court on defendants' motion to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted on the ground that the plaintiff lacks standing to bring this action under Title 42 U.S.C. § 2000e-6. In essence, defendants contend that the United States Attorney General's formerly independent authority to bring pattern or practice suits under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., did not survive the 1972 amendment to § 2000e-6(c), effective March 24, 1972. This Court is of the opinion that the Attorney General's authority to bring pattern and practice suits against public sector employers did survive the 1972 amendment, and for the following reasons defendants' motion to dismiss will be denied.

On October 17, 1974, the United States instituted the present suit against the City of Milwaukee alleging discriminatory employment practices in the fire and Police Departments in violation of title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq.; the provisions of the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 1221 et seq.; the provisions of the Omnibus Crime Control and Safe Streets Act of 1968, as amended in 42 U.S.C. § 3766(c); and rights guaranteed under the Fourteenth Amendment to the Constitution of the United States, pursuant to 42 U.S.C. §§ 1981 and 1983. It should be noted that the defendants' jurisdictional attack relates only to the question of the Attorney General's ability to bring pattern or practice suits pursuant to Title VII of the 1964 Civil Rights Act, as amended in 1972.

It is clear that the Attorney General has asserted two independent bases, not challenged by this motion, for his pattern and practice jurisdiction as to the defendants herein. See 31 U.S.C. § 1242(c) and 42 U.S.C. § 3766(c)(3). And the Court is convinced that the United States Attorney General has pattern and practice authority as to public sector employers under Title VII of the Civil Rights Act of 1964. Prior to the March 24, 1972, amendment, Title VII of the Civil Rights Act of 1964 applied only to the private sector, and the United States Attorney General was the only governmental officer authorized to initiate court action in the private sector. At that time, the Equal Employment Opportunity Commission ("EEOC") was limited to a role of attempting to achieve conciliation between the individual employee complainant and his private sector employer. If conciliation was not achieved, the Attorney General could initiate judicial action. At that time, the Attorney General also had pattern or practice authority against private sector employers under 42 U.S.C. § 2000e-6(a).

The scope of the act was broadened by the March 24, 1972, amendment and the definition of "person," for purposes of the subchapter, was expanded to include "governments, governmental agencies, and political subdivisions." 42 U.S.C. § 2000e (a). Under § 2000e-5, the EEOC became empowered to sue in district court on behalf of individual employee complainants in the private sector when conciliation efforts failed. The EEOC also gained responsibility for conciliation efforts on behalf of the individual public sector employee complainant, but the act specifically provided that if conciliation failed here against a governmental employer, the Attorney General would have exclusive authority to bring suit in federal court. 42 U.S.C. § 2000e-5(f)(1).

With regard to so-called "pattern and practice" suits, the confusion arises from 42 U.S.C. § 2000e-6(c) which was added by the

March 24, 1972, amendment. First, it should be noted that § 2000e-6(a) pertains to the Attorney General's authority to bring a pattern or practice suit. The language of that section was not changed, but because of the above—mentioned expansion of the definition of "person" to include a "governmental agency, government or political subdivision," the Attorney General became authorized to pursue pattern or practice actions against public as well as private employers under § 2000e-6(a). The problem of statutory construction and legislative intent raised by the parties occurs at this juncture. In § 2000e-6(c), a section added on March 24, 1972, Congress provided that "Effective two years after March 24, 1972, the functions of the Attorney General under this section shall be transferred to the Commission * * *." In 42 U.S.C. § 2000e-6(d), another new section, Congress provided that "Upon the transfer of functions provided for in subsection (c) of this section, in all suits commenced pursuant to this section prior to the date of such transfer [i. e., any pattern and practice suit which the Attorney General has filed prior to March 24, 1974, the date of transfer], proceedings shall continue * * *, all court orders and decrees shall remain in effect, and the Commission shall be substituted as a party for the United States of America, the Attorney General, or the Acting Attorney General, as appropriate."

In § 2000e-6(e), still another new section, Congress stated that after March 24, 1972, the EEOC would have authority to investigate and act on a charge of pattern or practice discrimination. The second sentence states that "All such actions shall be conducted in accordance with the procedures set forth in section 2000e-5 of this title." From this, plaintiff argues that because § 2000e-5(f) states that only the Attorney General may bring a civil action against a public sector employer where the commission has been unable to secure a conciliation agreement acceptable to the commission, the Attorney General retains jurisdiction in the area of pattern and practice suits in the public sector.

The Court would agree with plaintiff that the reference to § 2000e-5 in § 2000e-6(e) creates a facial ambiguity. Section 2000e-6(a) appears to transfer to the EEOC all of the Attorney General's responsibilities for such suits. On the other hand, § 2000e-6(e) references a section which clearly forbids the commission to enter the judicial arena where the employer is in the public sector.

Having determined that there is a statutory ambiguity, the Court may now turn to any assistance which may be provided by the legislative history of this section. The report on the amended § 707 of the act set out at page 2149 of the 1972 U. S. Code Congressional and Administrative News discusses the pattern or practice suits and fails to shed any light on the ambiguous language. The discussion there merely asserts boldly that pattern and practice suit authority has been transferred from the Department of Justice to the EEOC due to the backlog of such employment cases in the Civil Rights Division of the Justice Department. However, this discussion makes no mention of a distinction between private sector and public sector pattern and practice suits. The report stresses that now that the commission has its own enforcement powers, the pattern or practice jurisdiction in the Department of Justice cannot be justified. The report fails to discuss the fact that the result of the act is that as to individual employees, the commission has enforcement powers only in the area of private sector employment discrimination, nor does it make reference to any meaning for the reference to the EEOC following the procedures of 42 U.S.C. § 5000e-5, § 706 of the act.

A study of the congressional record and the remarks of the various senators and representatives who sponsored the bill reveals that it was their intent that the only federal authority to seek judicial enforcement of Title VII against public employers would be that exercised by the Attorney General. See comments of Senator Javits, Legislative History of the Equal Employment Opportunities Act of 1972, at 1588–1590, Congressional Record—Senate, Feb.

16, 1972, Representative Erlenborn, id., at 1858–1860, Congressional Record—House, March 8, 1972, Representative Dent, id., at 1861–1862, Congressional Record—House, March 8, 1972.

Additionally, within the next year, Congress twice saw fit to specifically grant authority to the Attorney General to bring pattern or practice suits against state and local agencies found to discriminate against persons under the nondiscrimination clauses of the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 1242(c), effective October 20, 1972, and the Law Enforcement Assistance Act, 42 U.S.C. § 3766(c)(3), effective August 6, 1973. It would seem that if Congress had intended that the EEOC handle such pattern and practice suits, Congress would have so delegated authority to that commission under those acts.

Viewing the pertinent statutory sections and the congressional record, I conclude that Congress intended in Title VII, Civil Rights Act of 1964, as amended in § 707, that the Attorney General have authority in the area of public sector employment discrimination pattern and practice suits.

IT IS THEREFORE ORDERED that the motion of the defendants to dismiss this action be and it hereby is denied.